*685
SUMMARY ORDER

Petitioners, Tjon Sun Sim and Jun Fah Tjin, both natives and citizens of Indonesia, seek review of a September 22, 2008 order of the BIA affirming the May 10, 2007 decision of Immigration Judge (“IJ”) Javier Balasquide denying Sim’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”), which included Tjin as a derivative applicant.[2] In re Sim, Tjin, No. A 98 971 366/367 (B.I.A. Sept. 22, 2008), aff'g No. A 98 971 366/367 (Immig. Ct. N.Y. City May 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Sim argues that the agency erred in finding that he did not suffer past persecution. In making that finding, the agency found that Sim failed to show that a fire that destroyed his home was set by Muslim Indonesians targeting him on account of his ethnicity and religion. See 8 U.S.C. § 1158(b)(l)(B)(i) (providing that “the applicant must establish that [a protected ground] was or will be at least one central reason for” the claimed persecution); see also 8 U.S.C. § 1101(a)(42). Substantial evidence supports that finding because no evidence established a connection between the burning of Sim’s home and a protected ground where Sim testified that he did not know what caused the fire. See Manzur, 494 F.3d at 289.
Sim also argues that the agency erred by failing to consider the cumulative effect of the other incidents he described. See id. at 290. To the contrary, the agency explicitly found that, even when considered cumulatively, the incidents Sim described did not rise to the level of persecution. The record supports that conclusion. Cf. id.; see also Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above “mere harassment”).
Likewise, the agency properly found that Sim failed to establish a well-founded fear of future persecution. Sim lived in Indonesia for over seventy years without being physically harmed. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best”); see also Matter of Acosta, 19 I. & N. Dec. 211, 222 (B.I.A.1985).
Sim argues that the agency failed to consider whether he established a pattern or practice of persecuting ethnic Chinese and non-Muslims in Indonesia. This argument is contradicted by the record, which indicates that the BIA explicitly declined to find such a pattern or practice. Moreover, that finding is supported by substantial evidence in the record suggesting that conditions in Indonesia have improved in recent years. See Matter of A-M-, 23 I. & N. Dec. 737, 741 (B.I.A.2005); cf. Mufied v. Mukasey, 508 F.3d 88, 92 (2d Cir.2007).
Because the agency reasonably found that Sim failed to demonstrate ei *686 ther past persecution or a well-founded fear of future persecution, it properly denied his application for asylum and withholding of removal. See 8 U.S.C. § 1101(a)(42); Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). To the extent Sim challenges the IJ’s denial of his CAT claim, we are without jurisdiction to consider his argument as he failed to exhaust it before the BIA. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

. Because Jun Fah Tjin is a derivative applicant, this order refers only to Sim.